## BETJEMANN v. BROOKS et al.

*(Supreme Court, General Term, First Department. March 29, 1889.)*

REFERENCE—WHEN PROPER.

　　After a judgment entered on the report of a referee is reversed, and the order of reference is set aside on appeal, and it appears from the record of the trial that the

examination of a long account will not be necessary, and that there is but one seri-
ously litigated question of fact, the special term should not again direct a com-
pulsory reference.

Appeal from special term, New York county.

Action by John Betjemann against Mary E. Brooks for goods sold and de-
livered.    There was a judgment for plaintiff on a report of a referee, which
was reversed.    39 Hun, 649.    The defendant having died, the action was re-
vived against her executors, Emerson Brooks and Norman F. Cabot, who,
when the action was remanded, moved for another reference, which being
refused they appeal.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Kelly & MacRae*, for appellants.    *Edward P. Wilder*, for respondent.

BARTLETT, J.    The court below was quite right in refusing to refer this
case a second time.    The trial already had shows that the examination of a
long account will not be required.    The action is brought to recover the value
of groceries which the plaintiff claims to have delivered to the defendants' tes-
tatrix at No. 86 Irving Place, New York city.    The referee before whom the
case was tried states in his opinion that there was no dispute as to the value
of the goods, or as to their delivery at the house mentioned; and the only
question seriously litigated appears to have been whether the persons who re-
ceived the groceries there were the agents or servants of the former defend-
ant, Mary E. Brooks.    There is no good reason to suppose that the new trial
will differ from the first one in this respect, and hence a compulsory reference
should not be ordered.    The appellants insist that the reversal of the judgment
entered upon the referee's report did not operate to vacate the order of refer-
ence, but left that order in all respects in force except as to the person who
should try the case as referee; and on this point they cite *Catlin* v. *Adirondack
Co.*, 19 Hun, 389, 81 N. Y. 380.    In that case it was held that upon the re-
versal of a judgment entered on a referee's report the order of reference was
not to be deemed vacated unless an express direction to that effect was given
by the court at general term, or unless the court at special term vacated the
order of reference upon motion.    In the present case, however, the general term
order of reversal does expressly direct that the order of reference shall be va-
cated; so there is no room for the contention that the case still stands re-
ferred, notwithstanding the reversal of the judgment.    The order of the spe-
cial term should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., concurs.